IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KONSTANTINOS VARESIS,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | CIVIL ACTION NO. 21-00084-KD-M |
| MICHAEL JOSEPH LANDRY,<br>    Defendant. | )<br>)<br>) | |

**ORDER**

This civil action for negligence and wantonness came before the Court for jury selection and trial beginning September 12, 2022.[1] Plaintiff Konstantinos Varesis presented his case and rested on September 13, 2022. The parties' respective motions for judgment as a matter of law were denied. The Court heard the parties' respective positions and objections regarding the final jury instructions and verdict form.

The parties gave their closing arguments. The Court then instructed the jury on the applicable law and the jury began their deliberations. Outside the presence of the jury, the parties renewed their respective objections to the jury instructions.

On September 14, 2022, the jury, having heard the evidence, the arguments of counsel, and having considered the same upon their oaths, returned their verdict in open court with counsel and parties present, a copy of which is attached hereto, as follows:

    1. Do you find by a preponderance of the evidence that Michael Joseph Landry acted in self-defense?

        YES_____        NO___X_____

    If you answered "yes", then sign, date, and return the Verdict Form.

---

[1] Defendant Landry's motion to strike Plaintiff Varesis' supplemental expert disclosure (doc. 36) is DENIED. Intervenor State Farm Fire and Casualty Company's motion for leave to amend proposed special interrogatories to the jury (doc. 59) is GRANTED in part as set forth on the record at the hearing on September 2, 2022. Plaintiff Varesis' motion to amend the Court's general preliminary instructions to the jury (doc. 88) is DENIED.

      If you answered "no", then proceed to Question 2.

NEGLIGENCE

2. Do you find by a preponderance of the evidence that Michael Joseph Landry was negligent, and that his negligence proximately caused Konstantinos Varesis' injuries?

      YES____X____                      NO_____

      If you answered "yes", then answer Question 3.
      If you answered "no", then do not answer Question 3 and proceed to Question 4.

3. Do you find, by a preponderance of the evidence, that Konstantinos Varesis was negligent and that his negligence proximately contributed to his own injury?

      YES __X____                      NO_____

WANTONNESS

4. Do you find by a preponderance of the evidence that Michael Joseph Landry consciously acted or failed to act with a reckless or conscious disregard of the rights or safety of Konstantinos Varesis, and was aware that harm would likely or probably result?

      YES____X____                      NO_____

      If you found that Landry's conduct was negligent (and Varesis was not negligent) or if you found that Landry's conduct was wanton, continue to Question 5.   Otherwise, sign and date this Verdict Form.

DAMAGES

5. What amount of compensatory damages will fairly and reasonably compensate Konstantinos Varesis for his injuries?

Physical injury, pain, suffering, and mental anguish $ <u>1.00</u>

6. If you answered "yes" to Question 4, do you find by clear and convincing evidence that Konstantinos Varesis should be awarded punitive damages?

YES, in the amount of $ <u>20,000.00</u>         NO_____

7. Do you find that Michael Joseph Landry intended to cause severe injury to Konstantinos Varesis?

YES _____         NO ___X__


Post-trial motions shall be filed in accordance with the Federal Rules of Civil Procedure.

By separate document, the Court will enter judgment in accordance with the verdict as provided in Rule 58 of the Federal Rules of Civil Procedure.

DONE and ORDERED this the 15th day of September 2022.

<u>s/ Kristi K. DuBose</u><br>
KRISTI K. DuBOSE<br>
UNITED STATES DISTRICT JUDGE