IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KONSTANTINOS VARESIS,  )  <br>     Plaintiff,              )  <br>                                    )  <br> vs.                             )  <br>                                    )  <br> MICHAEL JOSEPH LANDRY, )  <br>     Defendant.            )  | CIVIL ACTION NO. 21-00084-KD-M |

## ORDER

This action is before the Court on the Motion for New Trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure filed by Plaintiff Konstantinos Varesis (doc. 107), the response filed by Defendant Michael Joseph Landry (doc. 109), and Varesis' reply (doc. 110).

I. Background

This action was tried before a jury on September 12 and 13, 2022. The jury was instructed and began deliberations on September 13, 2022. During deliberations, the jury sent a question to the Court as to whether Varesis could be awarded punitive damages without compensatory damages being awarded. The Court responded with that before punitive damages could be awarded that the jury have decided to award either compensatory or nominal damages.   The Court then explained nominal damages. On September 14, 2022, the jury returned a verdict, awarding Varesis $1 in compensatory damages and $20,000 in punitive damages.   Varesis now moves for a new trial (doc. 107).

II. Argument

Varesis argues that the Court's failure to give Alabama Pattern Jury Instruction Civil 11.10 was plain error and prejudicial "because the instruction is essential to the jury's ability to determine an appropriate damages award in light of all the evidence" (doc. 107, Section A(1)). Varesis also argues that the Court erred by failing to give Alabama Pattern Jury Instruction Civil 11.09, and as a

result "the jury had no instruction on how to calculate [] damages" for past and future pain and suffering, emotional distress, and mental anguish. (Id., p. 10). He argues that the error was not harmless, but instead prejudicial because the lack of instructions on damages created confusion affecting the deliberation as evidenced by the jury's question. He asserts that the Court's answer "compounded the confusion" (Id., Section A(2)). He also argues that the jury's award of $1.00 in compensatory damages was against the weight of the evidence regarding his serious injuries and treatment and the continuing effects of his injury (Id., p. 16-17).

Varesis last argues that the Court's failure to allow admission of the mortality tables, Alabama Pattern Jury Instruction 11.29, was error warranting a new trial on damages (Id., Section B). He argues that because there was substantial evidence from which a jury could reasonably infer that his injuries were permanent, the mortality tables were appropriate to aid the jury in determining compensatory damages for the permanent injuries.

Varesis asserts that he properly preserved all objections to the omission of the instructions and mortality tables.[1] He also asserts that the issues of liability and punitive damagers were properly determined by the jury, and therefore, the Court should allow either a new jury trial solely on compensatory damages, a bench trial pending waiver of jury trial by the parties, or a ruling in Varesis favor based upon the evidence and testimony in the record. (Id., p. 18-20).

In response, Landry argues that Varesis failed to preserve his objections to the omission of APJI 11.09 or 11.10 at trial and thus, his only recourse is review for plain error (doc. 109, Section I). Landry then argues that the omission of APJI 11.09 and 11.10 was not sufficient to warrant a

---

[1] In his motion and reply, Varesis points out that he objected to the exclusion of instructions regarding the permanency of his injuries and the mortality tables, but all parties missed that jointly proposed APJI 11.10 had been excluded from the final instructions.

new trial under plain error review (Id., Section III). He argues that this case is not the exceptional case where the error is so fundamental that a miscarriage of justice is the result. (Id. Section III(A). Landry points out that reviewing the instructions and the verdict[2] together shows that the jury was properly instructed. Landry also argues that the Court's answer to the jury's question did not create plain error which would warrant a new trial (Id., Section III(B)). Landry points out that Varesis did not object to the answer and that the instructions therein, including the instruction on nominal damages, was consistent with the law of Alabama as reflected in Alabama Pattern Jury Instruction 11.02. (Id.).

Landry also responds that the Court did not commit error by excluding the mortality tables (Id., Section IV). Relying upon a series of cases interpreting Alabama law, Landry asserts that because the evidence of Varesis' injuries was subjective and strongly disputed, and because Varesis did not present any expert medical testimony to show the permanence of his injuries, the mortality tables were not admissible.

Last, Landry argues that the jury's award of damages was not clearly, decidedly or overwhelmingly against the weight of the evidence (Id., Section V). Landry argues that the jury's decision is presumed correct unless the award is so inadequate as to indicate the verdict was based on passion, prejudice or an improper motive. He asserts that the jury acted within its discretion to determine the damages for Varesis' subjective complaints and injuries, which Landry strongly

---

[2] The jury was instructed "Compensatory damages are awarded to fairly and reasonably compensate for the harm caused by another's wrongful conduct. Varesis must prove the amount of compensatory damages to your reasonable satisfaction from the evidence and the reasonable inferences from the evidence. You cannot guess at the amount of damages." The verdict asked the jury what amount would "fairly and reasonably compensate [Varesis] for his injuries" and specifies "Physical injury, pain, suffering and mental anguish" (doc. 101).

3

contested, and there was sufficient evidence for the jury to question Varesis' claims of permanent injury. (Id.).

The Court agrees with Landry and adopts Sections III, IV, and V of Landry's response as the reasoning of the Court. Accordingly, the Motion for New Trial is DENIED.

DONE and ORDERED this 30th day of November 2022.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE