# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KONSTANTINOS VARESIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 21-00084-KD-M |
| | ) |
| MICHAEL JOSEPH LANDRY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Plaintiff Konstantinos Varesis' Bill of Costs totalling $10,734.17 and supporting documents (doc. 117), Defendant Michael Joseph Landry's Motion to Strike Varesis' Bill of Costs or, in the alternative, opposition to the Bill of Cost (doc. 119), and Varesis' response (doc. 122). Upon consideration, and for the reasons set forth herein, Landry's Motion to Strike is DENIED, and Varesis' costs are awarded in part and denied in part.

I. Analysis

A. Untimeliness

In his motion to strike, Landry cites S.D. Ala. Civ. LR 54(a)(1) which states that a party seeking costs, must file the Bill of Costs within 14 days after entry of judgment, unless the time period is tolled by a post-judgment motion. Landry points out that Varesis' post-trial motion for new trial was denied November 30, 2022, making December 14, 2022, the deadline, but Varesis did not file until 41 days later on January 24, 2023. Landry argues that the Court should hold Varesis to the deadine and grant the motion to strike.

Varesis concedes the late filing and counsel accepts responsibility (doc. 119).[1] His counsel asserts that the oversight was inadvertent. He points out that the order denying the

---

[1] Varesis incorrectly argues that he filed his Bill of Costs on December 24, 2022 and therefore, it was filed only 10 days after the deadline (doc. 122, p. 3).

motion for new trial was entered on November 30, 2022, during the holiday season, and while he was in trial on another case. He also states that during this time period, he was preparing for another trial (which settled) and preparing for two mediations. Counsel also states that this trial was his sixth jury trial since March 2022 and this congested trial schedule was the result of multiple trials and hearings which were previously delayed because of Covid 19.

Varesis asserts that the mandatory language of S.D. Ala. Civ. LR 54(a)(1) which states that the claimant "must file" the Bill of Cost within 14 days, is not binding and that other Rules indicate the Court may retroactively alter this time period. Varesis argues that pursuant to Fed. R. Civ. P. 6(b)(1)(B),[2] and upon this showing of excusable neglect and good cause, the Court may extend the deadline and consider the Bill of Costs.

Varesis relies on Holmes v. Fresenius Kidney Care of Tuskegee, 2022 WL 17573416, at *2 (M.D. Ala. Dec. 9, 2022) for the premise that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. (internal quotations and citation omitted). In Holmes, the district court explained that when determining whether there has been "excusable neglect under Rule 6(b)," the Court "must take into account all relevant circumstances surrounding the party's omission, including: (1) the danger of prejudice to the [nonmovant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." Id. (citation omitted).

---

[2] Federal Rule of Civil Procedure 6(b)(1)(B) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

The Court has considered all the relevant circumstances surrounding Varesis' delay in filing the motion, and finds that he has established excusable neglect. Typically, an active and demanding law practice is not sufficient to establish excusable neglect when a deadline is not met. However, the overall delays and consequent rescheduling of litigation due to Covid 19 placed an unusual burden on the courts and the litigants. While certain aspects of scheduling may have been within the reasonable control of the movant, the multiple delays and rescheduling caused by Covid 19 were not. When safety protocol were modified or lifted and litigation could resume, the end result for the courts and counsel alike was congested dockets and schedules.

The Court finds that Landry has not been prejudiced and that the length of the delay did not impact any proceedings in this court. The litigation concluded on November 30, 2022 with the entry of the order denying the motion for new trial. The notice of appeal was filed on December 30, 2022. The Bill of Costs was filed on January 24, 2023. No other deadlines were affected by the late filing and it did not preclude Landry from raising his defenses to the costs as claimed. Thus the delay in filing the Bill of Costs, in this context, did not prejudice Landry.

B. <u>Denial pursuant to 28 U.S.C. § 1332(b)</u>

Landry argues that pursuant to 28 U.S.C. § 1332(b), Varesis is not entitled to costs and the Bill of Costs should be stricken or denied. The statute sets forth as follows:

> (b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

28 U.S.C. § 1332(b).

Landry points out that Varesis was awarded $1.00 for compensatory damages and $20,000.00 for punitive damages, far below the $75,000.00 jurisdictional amount. Landry states

3

that he is not seeking costs against Varesis even though the statute provides that the court may impose costs on the plaintiff.

Varesis argues that in this Circuit, there is a presumption under Rule 54(d) that costs should be awarded to the prevailing party. Varesis also argues that when exercising discretion under 28 U.S.C. § 1332(b), most courts consider whether the amount claimed was made in good faith or was a bad faith attempt to obtain federal jurisdiction. Varesis argues that he did not act in bad faith when he invoked this Court's diversity jurisdiction, and therefore, his costs should be allowed (doc. 122, p. 6-7).

The Court finds that Varesis acted in good faith when he invoked diversity jurisdiction and filed his action in this Court. Although he did not allege a specific dollar amount in his complaint, he did allege that "[a]s a proximate consequence of Defendant's negligence, Plaintiff was caused to suffer severe traumatic brain injury, miss school, drop out of school, incur medical expenses, suffer injuries and damages, including physical pain and suffering, emotional pain, mental anguish, and medical expenses" and also alleged that he would "likely suffer these damages in the future" (doc. 1). He also claimed that Landry acted with wantonness and/or recklessness and sought punitive damages (Id.). At that time, Varesis had incurred medical expenses for treatment of his brain injury at USA Medical Center and its affiliates, and Springhill Memorial Hospital in Mobile, Alabama.

C. Denial because Varesis was not successful on all claims and recovered a nominal sum

Landry argues that Rule 54(d) establishes a presumption that costs should be awarded to the prevailing party but also vests discretion in the Court to decline to allow taxable costs where the prevailing party is not successful on all claims. Landry states that Varesis prevailed only on the claim of wantonness, and that Landry prevailed on the claim for negligence because the jury

found Varesis was contributorily negligence. Landry also points out that Varesis recovered only $1.00 of compensatory damages and $20,000.00 of punitive damages which is significantly less than the approximately $800,000 requested by Varesis. Based thereon, Landry argues that he was justified in defending the claims and equity dictates costs should not be taxed against him.

Varesis argues that he is the prevailing party as to both negligence and wantonness and should be awarded costs. He points out that the jury found in his favor on both claims, even though Landry succeeded on the contributory negligence defense. He also points out that Landry failed to convince the jury that he acted in self-defense, and therefore, Varesis prevailed on that defense. Varesis argues that this is not a circumstance where costs should be shared.

The Court finds no basis to decline allowable costs in favor of Varesis or to apportion or reduce the amount of costs awarded based on partial success. That Varesis was found contributorily negligence and did not recover the amount of compensatory damages he sought, does not diminish the fact that he prevailed on both of his claims and successfully defended Landry's claim of self-defense.

II. Bill of Costs

"Federal law determines what costs may be awarded to a prevailing party in federal court, even in a diversity action." Crossman v. USAA Cas. Ins. Co., 2020 WL 1172048, at *5 (M.D. Fla., Feb. 7, 2020), report and recommendation adopted, 2020 WL 1170757 (M.D. Fla., Mar. 11, 2020). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Rule creates a presumption in favor of awarding fees. The prevailing party has the burden of submitting a Bill of Costs or other request and supporting documentation "that would enable the district court to determine what expenses were incurred on

5

the federal litigation." Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994).

Generally, a district court may not award costs unless they are authorized by 28 U.S.C. § 1920. Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987)). The costs permitted under § 1920 consist of: (1) fees of the clerk and the marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court appointed experts and interpreter services. 28 U.S.C. § 1920(1)-(6).

As an initial consideration, Varesis argues that Landry's opposition to the Bill of Cost is premature because the Clerk has not yet taxed the costs. Varesis argues that if Landry's motion to strike is denied, then the Clerk should tax the costs and Landry may raise his opposition in a motion to retax costs (doc. 122, p. 8-9). In support, Varesis cites Rule 54(d)(1), which states "'the clerk may tax costs on 14 days notice.'" (Id., p. 8). However, Rule 54(d)(1) states that the clerk "may" tax the costs. Taxation by the Clerk is not mandatory. In this procedural posture, where Landry's motion to strike is pending and he has also challenged Varesis' requests for certain costs, the Court will address taxation of costs.

A. Fees of the Clerk and Marshal

Varesis seeks costs for fees of the Clerk in the total amount of $583.99 (doc. 117, doc. 117-2). Fees of the Clerk are taxable under 28 U.S.C. § 1920(1). Equal Employment Opportunity Comm'n. v. W & O, Inc., 213 F. 3d 600, 632 (11th Cir. 2000). Varesis seeks $402.00 for filing the complaint. Accordingly, costs in the amount of $402.00 are taxed against Landry.

6

Varesis also seeks cost totalling $21.99 for service of three non-party subpoenas by certified mail to the Records Custodian and Department of Public Safety at Spring Hill College. Although the notice of intent to serve the subpoenas states that Varesis "will apply to the Clerk of this Court for issuance of the attached subpoena" (doc. 14), nothing in the docket indicates that the Clerk mailed or issued these non-party subpoenas. Additionally, Fed. R. Civ. P. 45(b)(1)[3] anticipates personal service not service by certified mail. Green v. Pickens Cnty. Sch. Sys., No. 219CV00008RWSJCF, 2021 WL 2559453, at *4 (N.D. Ga. Apr. 26, 2021) ("Although the Eleventh Circuit has not squarely addressed the issue of whether personal service of a subpoena is required by Rule 45, the majority position of courts in this circuit is that personal service is required, even while acknowledging a split of authority on that issue.").

Typically, costs for postage, i.e., certified mail, is considered part of routine office overhead and not allowed. Gary Brown & Assocs., Inc. v. Ashdon, Inc., 268 F. Appx. 837, 846 (11th Cir. 2008) ("Specifically, GBA's requests for ... courier/postage, ... are not included under § 1920."). But costs for personal service of subpoenas may be taxed under 28 U.S.C. § 1920(1), which provides for taxation of "[f]ees of the ... marshal." Since the costs for service by certified mail were specifically incurred for serving the subpoenas and is less than the amount allowable for service by the U.S. Marshals Service,[4] costs of $21.99 is awarded to Varesis.

---

[3] "(b) Service. (1) By Whom and How; Tendering Fees. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.. . ." Fed. R. Civ. P. 45(b)(1).

[4] The Court of Appeals for the Eleventh Circuit has found that costs for service by a private process server is recoverable so long as the rate does not exceed the cost of effectuating service by the U.S. Marshals Service. E.E.O.C. v. W&O, Inc., 213 F.3d at 623-624. Pursuant to 28 C.F.R. § 0.114(a)(2), fees for "process served by mail" is "$8 per item mailed[,]" and pursuant to §

Last, Varesis seeks costs of $115.00 for attempted service of a deposition subpoena to Dionte Rudolf. Landry argues that this cost should not be allowed because Varesis did not "justify the need for multiple service attempts" (doc. 119, p. 13). A review of the process server's invoice indicates that "several attempts" were made before ascertaining that Rudolf no longer lived at the address (doc. 117-3, p. 3). Rudolf's testimony was presented at trial by way of video deposition. Thus, Rudolph appears to have been served with the deposition subpoena at some point in time. Again, costs for service of subpoenas may not exceed the amount allowable for service by the U.S. Marshal's Service. See 28 C.F.R. § 0.114(a)(3), Therefore, Varesis is allowed costs in the amount of $65.00.

B. Costs for printed or electronically recorded transcripts necessarily obtained for use in the case.

Varesis seeks costs in the amount of $5,213.49 for printed or electronically recorded transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920(2). Specifically, the video depositions of five witness and the parties (doc. 119-1, p. 2). Landry does not object to these costs. Four of the witnesses gave their trial testimony by video deposition. The testimony of Varesis' medical doctor was to be given by video testiomony. However, he appeared and testified at trial.

Generally, costs of an original and one copy of a deposition transcript are recoverable if the prevailing party noticed the deposition, and costs of one copy, if the non-prevailing party noticed the deposition. Crouch v. Teledyne Continental Motors, Inc., 2013 WL 203408, *7-8 (S.D. Ala. Jan. 17, 2013). Also, the court reporter's per diem fee may be recovered. Computer

---

0.114(a)(3), fees for "process served or executed personally" by the U.S. Marshal are recoverable up to $65.00 for each item served.

Program & Sys. Inc. v. Wazu Holdings, Ltd., 2019 WL 1119352, at *12 (S.D. Ala. Mar. 11, 2019). As well as the costs of exhibit copies. Moore v. Baker, No. CV 2:18-00311-KD-B, 2020 WL 4928997, at *4 (S.D. Ala. Aug. 21, 2020).

However, certain deposition transcript related costs such as for rough drafts, expedited transcripts, extra copies, travel or condensed transcripts, video synchronization, electronic or ASCII transcripts, summaries, deposition discs, videotapes, are deemed incurred for the convenience of counsel and not taxed to the losing party. Computer Program & Sys. Inc., 2019 WL 1119352, at *10; Crouch, 2013 WL 203408, *7-8; Pinkston v. University of South Fla., 2016 WL 9724976, *3 (M.D. Ala. Oct. 5, 2016) ("multiple copies are generally not recoverable[ ]"). As well as costs of videoconferencing, absent an explanation why videoconferencing was necessary, is not recoverable. Row Equipment, Inc. v. Terex USA, LLC, 2022 WL 152869, *4 (S.D. Ga. Jan. 18, 2022) (collecting cases). Also, costs for postage, shipping, delivery, and handling charges related to the deposition transcripts are non-recoverable as ordinary business expenses. Maner v. Linkan LLC, 602 Fed. Appx. 489, 494 (11th Cir. 2015) ("In determining the costs to be awarded, the district court may tax as costs all reasonable expenses incurred during the course of litigation, with the exception of routine office overhead.").

Accordingly, upon review of the record and the invoices, the Court finds that the seven depositions were necessarily obtained for use in the case. With the above as guidance, the following costs are allowed:

| | |
|---|---|
| Video deposition of Eldi Seiti - | $689.80 |
| Video deposition of Varesis - | $400.25 |
| Video deposition of Landry - | $660.45 |

| | |
|---|---|
| Video deposition of Wieczorek - | $787.04 |
| Video deposition of Glorioso - | $483.70 |
| Video deposition of Rudolph - | $286.35 |
| Video deposition of Dr. Brevard - | <u>$1,042.40</u> |
| | $4,349.99 |

C. <u>Costs of travel and lodging</u>

Varesis also seeks an award of costs for his travel and lodging during trial in the amount of $1,714.49 and the costs of his counsel's travel for a deposition in the amount of $195.00 (doc. 117, doc. 117-2). Varesis itemized these costs on the line provided in the Bill of Costs for "fees for witnesses" and includes them in the witness fee calculation section (doc. 117). However, these costs do not fall within the parameters of "witness fees" as provided in 28 U.S.C. § 1920 and Varesis has not provided any other basis for an award of these costs. Therefore, these costs are not allowed.

D. <u>Costs of copies necessarily obtained for use in the case</u>

Varesis seeks costs in the total amount of $3,072.20 for copies necessarily obtained for use in the case. 28 U.S.C. § 1920(4). Copies of Varesis' medical records were necessarily obtained for use in the case. Therefore, costs are allowed in the amount of $486.50. Copies of the documents received in response to the subpoenas to Spring Hill College were necessarily obtained for use in the case. Therefore, costs are allowed in the amount of $87.55. Copies for trial exhibits and bench books were necessarily obtained for use in the case. Therefore, costs are allowed in the amount of $801.85.

However, the Court declines to award costs of $1,696.30 for in-house copies. The itemization states "no description provided" (doc. 117, p. 2). The supporting invoices show the

dates the copies were made, but describes the copies as "B/W Prints" or "Color Prints" (doc. 117-5, p. 17-18). Without a more detailed description from which to ascertain whether the copies were necessarily obtained for use in this case, the Court is unable to award these costs.

    III. Conclusion

Upon consideration, and for the reasons set forth herein, Landry's Motion to Strike is DENIED, and costs are allowed to Varesis in the total amount of $6,214.88.

DONE and ORDERED this the 20th day of September 2023.

                                      s/ Kristi K. DuBose
                                      KRISTI K. DuBOSE
                                      UNITED STATES DISTRICT JUDGE